# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

No. 10 Civ. 8205 (RJS)

FRANCO APPAREL GROUP, INC.,

Plaintiff,

VERSUS

NATIONAL LIABILITY & FIRE INSURANCE COMPANY,

Defendant.

```
USDS SDNY
DOCUMENT
ELECTRONICALL
DOC #: _____
DATE FILED: 6/28/11
```

OPINION AND ORDER
June 27, 2011

RICHARD J. SULLIVAN, District Judge:

In this diversity action, Plaintiff Franco Apparel Group, Inc. ("Franco") brings suit against Defendant National Liability & Fire Insurance Company for breach of contract following Defendant's decision to decline coverage of an alleged theft of merchandise under an insurance policy previously issued to Plaintiff. Now before the Court is Defendant's motion to dismiss the Complaint as time-barred. For the reasons that follow, that motion is granted.

I. BACKGROUND[1]

Plaintiff is a New York corporation with its principal place of business in New York. (Compl. ¶ 1.) Defendant is a Connecticut corporation with its principal place of business in Connecticut. (Id. ¶ 2.) Defendant was duly authorized to issue insurance policies in New York, including the insurance policy at issue here. (Id. ¶ 3.)

---

[1] The following facts are derived from the sparse allegations contained in the Complaint. In resolving the instant motion, the Court has also considered Defendant's Memorandum of Law in Support of the Motion to Dismiss ("Def.'s Mem."), Plaintiff's Memorandum of Law in Opposition to the Motion to Dismiss ("Pl.'s Opp'n"), and Defendant's Reply Memorandum of Law in Support of the Motion to Dismiss ("Reply"), as well as the Amended Answer and Counterclaim (Am. Answer), the Answer to the Counterclaim, and the various exhibits and declarations accompanying these documents.

Defendant issued to Plaintiff a marine open cargo insurance policy (the "Policy") providing coverage for goods and merchandise shipped or in transit for the period beginning May 19, 2008 and continuing until cancellation. (*Id.* ¶ 6.) While the policy was in effect, goods and/or merchandise owned by Plaintiff were allegedly stolen while in transit. (*Id.* ¶ 7.) Plaintiff thereafter submitted a claim to Defendant, seeking to be indemnified for the damages sustained to the insured goods. (*Id.* ¶ 8.) Defendant failed to indemnify Plaintiff for the full amount of damages resulting from the theft. (*Id.* ¶ 9.)

Plaintiff commenced this action by filing a Complaint on October 29, 2010, asserting a single cause of action for breach of contract. Defendant filed an Answer on November 19, 2010 and an Amended Answer on February 16, 2011, which included a counterclaim for breach of contract based on Plaintiff's alleged failure to pay Policy premiums in the amount of $15,352.92. Plaintiff filed an Answer to the counterclaim on March 24, 2011. Notwithstanding the fact that an Answer had already been filed, Defendant moved to dismiss pursuant to either Rule 12(b)(6) or Rule 12(c) on March 8, 2011.[2] The motion was fully submitted as of April 6, 2011.

## II. Legal Standards

Courts evaluate a motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure under the same standard as a motion pursuant to Rule 12(b)(6) for failure to state a claim. *See Nicholas v. Goord*, 430 F.3d 652, 658 n.8 (2d Cir. 2005). In reviewing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court accepts as true all factual allegations in the complaint and draws all reasonable inferences in favor of the plaintiff. *ATSI Commc'ns v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007); *see Patel v. Contemporary Classics*, 259 F.3d 123, 126 (2d Cir. 2001) (applying the same standard to Rule 12(c) motion). To state a legally sufficient claim, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility where the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). By contrast, a pleading that only "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). If the plaintiff "ha[s] not nudged [his] claims across the line from conceivable to plausible, [his] complaint must be dismissed." *Twombly*, 550 U.S. at 570.

## III. Discussion

### A. Choice of Law

As a preliminary matter, the Court notes that claims arising out of a maritime insurance contract generally sound in admiralty. *See Sirius Ins. Co. (UK) Ltd. v. Collins*, 16 F.3d 34, 36 (2d Cir. 1994). Although federal law "do[es] not draw clean lines between maritime and nonmaritime contracts," the "true criterion" is whether the contract has "reference to maritime service

---

[2] Because Defendant has filed an Answer, the Court will construe Defendant's motion as a motion for judgment on the pleadings pursuant to Rule 12(c) rather than a motion pursuant to Rule 12(b)(6). *See 333 East 60th St., Inc. v. N.Y. State Liquor Auth.*, No. 08 Civ. 4147 (RJS), 2008 WL 4104012, at *1 n.1 (S.D.N.Y. Aug. 29, 2008) (citing *Patel v. Contemporary Classics*, 259 F.3d 123, 126 (2d Cir. 2001)).

2

or maritime transactions." *Norfolk Southern Railway Co. v. Kirby*, 543 U.S. 14, 23 (2004). Because the primary objective of the instant Policy is to accomplish the transportation of goods by sea, the Court finds that the requisite maritime interest is met and that admiralty jurisdiction applies.[3] *See id.* at 25.

"The Supreme Court has held that in the absence of a specifically-applicable admiralty rule, state substantive law governs cases about marine insurance policies." *Zen Continental Co., Inc. v. Intercargo Ins. Co.*, 151 F. Supp. 2d 250, 258 (S.D.N.Y. 2001) (citing *Wilburn Boat Co. v. Fireman's Fund Ins. Co.*, 348 U.S. 310, 321 (1955)). In this case, the Policy at issue contains a choice-of-law clause specifying that "[t]his policy and all endorsements shall be governed by the Federal Maritime Law of the United States. In the absence thereof, the laws of the State of New York shall apply." (Declaration of Anthony J. Pruzinsky, March 7, 2011, Ex. C., ¶ 68 ("Pruzinsky Decl.").) As far as the Court can ascertain, the specific issues of contract interpretation raised in this action implicate no established federal maritime precedent. Moreover, "[t]he parties' briefs assume that New York law controls, and such implied consent is sufficient to establish choice of law." *Krumme v. WestPoint Stevens Inc.*, 238 F.3d 133, 138 (2d Cir. 2000). Accordingly, the Court applies New York law to the statute of limitations analysis that follows.

B.  Statute of Limitations

Defendant moves to dismiss the Complaint on the grounds that Plaintiff's claim is time barred by the limitations provision in the applicable Policy. Although New York law generally provides a six-year statute of limitations for breach of contract actions, *see* N.Y. C.P.L.R. § 213, parties to a contract may agree on a limitations period shorter than that prescribed by statute, *see Burke v. PriceWaterHouseCoopers LLP Long Term Disability Plan*, 537 F. Supp. 2d 546, 548 (S.D.N.Y. 2008). Indeed, C.P.L.R. § 201 explicitly permits a shorter limitations period where "prescribed by written agreement." N.Y. C.P.L.R. § 201.

In this case, the Policy provides for a one-year limitations period in the absence of state law rendering such a provision invalid. The limitations provision at issue appears at Paragraph 63 of the Policy, which reads as follows:

> No suit or action for the recovery of any claim arising under this policy shall be maintainable in any Court unless suit or action shall have been commenced within one year from the *date of the happening of the loss out of which the said claim arose*; provided, however, that if, by the law of the State within which this Policy is issued such limitation is invalid, then any such claim shall be void unless action is commenced within the shortest limit of the time permitted by the laws of such State.

(Pruzinsky Decl., Ex. C., ¶ 63 (emphasis added).)[4] New York courts have typically

---

[3]  Although the Complaint invokes diversity jurisdiction pursuant to 28 U.S.C. § 1332, district courts nevertheless apply substantive maritime law where there is admiralty jurisdiction. *Preston v. Frantz*, 11 F.3d 357, 358-59 (2d Cir. 1993) (collecting cases).

[4]  Although Plaintiff did not attach the Policy at issue to the Complaint, the Court may properly consider documents incorporated by reference therein. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-

3

enforced insurance policies that include one-year limitations periods, provided they are reasonable and in writing. *See, e.g.*, *Carat Diamond Corp. v. Underwriters at Lloyd's, London*, 506 N.Y.S.2d 708, 709-710 (App. Div. 1986) (collecting cases). Thus, the relevant question in this action is when the one-year limitations period began to run. *See Burke*, 537 F. Supp. 2d at 549. Specifically, that inquiry turns on the meaning of the operative contractual phrase – *the date of the happening of the loss out of which the said claim arose*.

It is no surprise that the parties offer competing interpretations of the limitations language at issue, since the Policy provides no explicit definition of the word "loss." Defendant contends that the "date of the happening of the loss" is the date of the damage insured against. (*See* Def.'s Mem. 5.) Because Plaintiff first reported the damage to Defendant in a letter dated January 16, 2009 and received on January 20, 2009, Defendant contends that the Policy required Plaintiff to file suit no later than January 20, 2010. (*See id.* at 2-3.) Plaintiff counters that the contractual language is insufficiently precise to trigger the limitations period on the calendar date of the underlying damage. (*See* Pl.'s Opp'n 4.) Instead, Plaintiff argues that the claim accrued with the "formal declination" of the claim on November 4, 2009, and that the filing of this action on October 20, 2010 was therefore timely. (*Id.*)

The Second Circuit recently addressed contractual limitations periods in *Fabozzi v. Lexington Ins. Co.*, 601 F.3d 88, 90-91 (2d Cir. 2010), a case that bears heavily on this one. The home insurance contract in *Fabozzi* contained a limitations clause that required the plaintiffs to bring suit "within two years after the date of the loss." *Id.* at 90. When the *Fabozzi* plaintiffs submitted an insurance claim for structural deterioration to their beach-front home, the insurance company investigated for more than two years before ultimately denying coverage. *Id.* at 89. The plaintiffs filed suit three months later. *Id.* at 90. The Circuit held that, although more than two years had elapsed since the plaintiffs learned of the damage, the action was timely because the contractual limitations period referred to the date the claim accrued rather than the date the damage occurred.[5] *Id.* at 93. In so holding, the Circuit distinguished between the generic limitations language at issue (i.e. "the date of the loss") and language requiring the action to be commenced within a certain period after "the *inception* of the loss." *Id.* at 90-91. The Circuit concluded that "[o]nly this latter term of art, or language of equal precision, . . . can tie a limitations period to the date of the accident or peril insured against." *Id.* at 91.

In this case, although the instant Policy does not contain the "inception of the loss" term of art, the Court finds that the applicable limitations provision comprises "language of equal precision." *Id.* As *Fabozzi* makes clear, the word "loss" is ambiguous standing alone, because it can refer either to the damage incurred or to the accrual of the claim. *See id.* at 93. The use of the term "inception" clarifies that the "loss" at issue is the first of the two meanings – the beginning of the road to an insurance claim. Contrary to Plaintiff's assertion (*see* Pl.'s Opp'n 9), the "date of the

---

53 (2d Cir. 2002). The Policy is attached to Defendant's motion papers as Exhibit C to the Declaration of Anthony J. Pruzinsky (Pruzinsky Decl., Ex. C), and Plaintiff does not dispute the authenticity of the attached Policy.

[5] "[T]he date on which the cause of action accrues . . . [is] the date on which all the conditions precedent to bringing a claim have been satisfied." *Fabozzi*, 601 F.3d at 90.

4

happening of the loss out of which the said claim arose" is not equally susceptible to both definitions.  Rather, the Policy's limitations provision pegs the "loss" at issue to the actual damage, making the same distinction as "inception" from a retrospective vantage point.  To adopt the alternate meaning here would be to contort the final phrase of the limitations provision, which would effectively read: "the date of the happening of the [accrual of the claim] out of which the said claim arose."  Such an interpretation is virtually nonsensical and therefore contrary to the most basic canons of linguistic construction.  *See Aetna Cas. & Sur. Co. v. Aniero Concrete Co.*, 404 F.3d 566, 598 (2d Cir. 2005) (holding that ambiguity does not exist where one view "strain[s] the contract language beyond its reasonable and ordinary meaning").  Clearly, Defendant's interpretation is the more natural and obvious one.  Thus, the plain language of the Policy satisfies the *Fabozzi* requirement by including "language of equal precision" to the term of art.

Under the foregoing analysis, the date of the relevant loss is the date of the actual damage – in this case, the theft of the merchandise.  Although the exact date of the theft is unknown, the Court assumes that the theft occurred no later than January 20, 2009, when Plaintiff's letter reporting the damage was received by Defendant.  Because Plaintiff did not file suit until October 20, 2010, Plaintiff clearly has not initiated suit "within one year from the date of the happening of the loss out of which the said claim arose."  (Pruzinsky Decl., Ex. C.)  Accordingly, the Court finds that this action is time barred by the applicable limitations provision.

C.  Estoppel and Waiver

Although limitations periods are generally subject to both estoppel and waiver, *see, e.g.*, *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002), Plaintiff makes no attempt to assert either equitable doctrine.

Under New York law, the doctrine of equitable estoppel "'may be invoked to defeat a statute of limitations defense when the plaintiff was induced by fraud, misrepresentations or deception to refrain from filing a timely action.'"  *Abbas v. Dixon*, 480 F.3d 636, 642 (2d Cir. 2007) (quoting *Doe v. Holy See (State of Vatican City)*, 793 N.Y.S.2d 565, 568 (App. Div. 2005).  The insured may establish equitable estoppel by proving that the insurer, "by its conduct, . . . lulled [the insured] into sleeping on its rights under the insurance contract."  *Gilbert Frank Corp. v. Fed. Ins. Co.*, 70 N.Y.2d 966, 968 (1988); *see Plon Realty Corp. v. Travelers Ins. Co.*, 533 F. Supp. 2d 391, 395 (S.D.N.Y. 2008).

With respect to waiver, New York law provides that "an insurer is deemed . . . to have intended to waive a defense to coverage where other defenses are asserted, and where the insurer possesses sufficient knowledge . . . of the circumstances regarding the unasserted defense."  *New York v. AMRO Realty Corp.*, 936 F.2d 1420, 1431 (2d Cir. 1991).  "[A] party seeking to demonstrate waiver must put forward evidence of a 'clear manifestation of intent' to waive by the other party."  *Globecon Group, LLC v. Hartford Fire Ins. Co.*, 434 F.3d 165, 176 (2d Cir. 2006) (quoting *Gilbert Frank Corp.*, 70 N.Y.2d at 968).  Moreover, "waiver of rights under a contract 'should not be lightly presumed.'"  *Id.* (quoting *Gilbert Frank Corp.*, 70 N.Y.2d at 968).

In this case, Plaintiff does not address estoppel or waiver in its opposition papers, and the sparse allegations of the Complaint provide no support for either doctrine. Plaintiff does, however, highlight the fact that Defendant issued its "formal declination" letter on November 4, 2009 – two days before the one-year anniversary of the shipment's arrival at Plaintiff's warehouse. (*See* Pl.'s Opp'n 9.) In response, Defendant notes that, acting through third-party administrator Vericlaim, Inc., Defendant issued reservation of rights letters on March 20, 2009 and August 21, 2009. (*See* Reply 4-5). Although these letters are not properly before the Court on a motion to dismiss, the Court notes that if an insurer expressly reserves its rights in communications with the insured, such "reservations preclude arguments both as to waiver and as to equitable estoppel." *Globecon Group*, 434 F.3d at 176. In any event, Plaintiff does not assert that it was, as a result of Defendant's conduct, "lulled . . . into sleeping on its rights under the insurance contract." *Gilbert Frank Corp.*, 70 N.Y.2d at 968. Accordingly, the Court finds no reason in equity to ignore or otherwise overturn the statute of limitations defense.

### III. CONCLUSION

For the reasons stated above, Defendant's motion for judgment on the pleadings pursuant to Rule 12(c) is HEREBY GRANTED. However, the Court retains maritime jurisdiction over Defendant's counterclaim, which survives.[6]

---

[6] The Counterclaim – for unpaid premiums totaling $15,352.92 – purports to invoke federal question jurisdiction pursuant to 28 U.S.C. § 1331, but does not specify a federal statute implicated by the alleged breach of contract. (Am. Answer 7.) Nevertheless, the Court retains federal maritime jurisdiction over claims arising from the Policy for the reasons previously stated. *See* Part III.A.

For that reason, IT IS HEREBY ORDERED THAT Defendant shall submit a status letter no later than July 15, 2011, indicating whether, in light of the Court's ruling, Defendant intends to pursue its Counterclaim. The Clerk of the Court is respectfully directed to terminate the motion located at Doc. No. 17.

SO ORDERED.

RICHARD J. SULLIVAN
United States District Judge

Dated: June 27, 2011
       New York, New York

\* \* \*

Plaintiff is represented by Jonathan David Abraham, Charles Martin Arnold, and Johnathan Charles Lerner of Abraham, Lerner & Arnold, LLP, 292 Madison Avenue, 22nd Floor, New York, NY 10017. Defendant is represented by Anthony J. Pruzinsky and Lauren Elizabeth Komsa of Hill, Rivkins & Hayden LLP, 45 Broadway, New York, NY 10006.